[Cite as *In re K.O.*, 2018-Ohio-1803.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:

K.O., O.O., L.O.

JUDGES:
Hon. John W. Wise, P.J.
Hon. William B. Hoffman, J.
Hon. Craig R. Baldwin, J.

Case No. 18-CA-1, 18-CA-2, 18-3


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Fairfield Court of Common Pleas, Juvenile Division 2016-AB-0095, 2016-AB-0096, 2016-AB-0097 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 4, 2018 |
| APPEARANCES: | |

For Appellant -
B.O.

For Appellee -
Fairfield Co. Dep't. Job/Family Services

DARREN L. MEADE
Parks and Meade, LLC
3010 Hayden Road
Columbus, Ohio 43235

R. KYLE WITT
Prosecuting Attorney
GENLYNN COSGROVE
Assistant Prosecuting Attorney
239 West Main Street, Suite 101
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Appellant B.O., the natural father of K.O. (d.o.b. 8/22/13), O.O. (d.o.b. 6/10/14) and L.O. (d.o.b. 10/26/15) appeals the judgment entered by the Fairfield County Common Pleas Court, Juvenile Division, granting permanent custody of the three children to Appellee Fairfield County Department of Job and Family Services.

STATEMENT OF FACTS AND CASE

{¶2} On July 1, 2016, Appellee was granted ex parte custody of K.O., O.O., and L.O. Appellant was not living in the home with the children and their mother at this time, but was residing in a home with several friends. Initially Appellee hoped to place the children with Appellant. However, Appellant tested positive for marijuana, and the children were placed in foster care. The children were adjudicated dependent on September 8, 2016, with temporary custody awarded to Appellee on September 19, 2016. On June 13, 2017, Appellee filed a motion requesting permanent custody of the children.

{¶3} Appellant's case plan required him to obtain and maintain stable housing and employment, complete an Alcohol and Drug assessment and follow all recommendations, participate in random drug testing through calling and screening, and complete a mental health assessment and follow all recommendations.

{¶4} Initially, Appellant made progress on the case plan. However, in October of 2016, he lost his job as a forklift operator due to an OMVI charge, and he relapsed on heroin and methamphetamine. At this point he stopped participating in the required drug testing calling and screening. He was homeless for a period of time. He was incarcerated overnight in October, 2016, and several other times for a "couple days."

**{¶5}** Appellant was arrested along with the children's mother in May, 2017. He was incarcerated on charges of kidnapping, aggravated robbery, and felonious assault from May 6, 2017, until he was released on bond on August 10, 2017.

**{¶6}** After his release from jail, Appellant resided with his mother. He submitted to a mental health assessment through Ohio Guidestones, which recommended ongoing counseling. Although his initial drug assessment in the summer of 2016, indicated no need for treatment, he has not been assessed after his subsequent relapse.

**{¶7}** The case proceeded to trial on the permanent custody motion on August 28, 2017. Appellant asked for three to six months in order to continue his treatment and obtain employment so he could parent the children. The evidence presented at trial demonstrated the children were bonded to Appellant and Appellant to the children, but the children also were bonded to the foster family and doing well in foster care. The guardian ad litem recommended permanent custody be granted to Appellee.

**{¶8}** The court found Appellant failed to remedy the problems which caused the children to be placed outside the home, Appellant's repeated incarceration prevents him from providing care for the children, and the children could not be placed with him within a reasonable time. As to the best interests of the children, the court found the children need a safe and stable environment where their needs are met on a consistent basis, which Appellant could not provide due to his failure to follow through with treatment recommendations for his drug and mental health issues, his repeated incarcerations, his pending felony charges, and his failure to secure stable housing and employment. The court awarded Appellee permanent custody of the children.

{¶9}    It is from the October 9, 2017 judgment of the court Appellant prosecutes his appeal, assigning as error:


"THE TRIAL COURT ERRED IN GRANTING JOB AND FAMILY SERVICES PERMANENT CUSTODY AS SAID DECISION WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AS REQUIRED BY R.C. 2151.414 AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."


{¶10} A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954); *In re: Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985).

{¶11} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); *See also, C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). If the trial court's judgment

is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel*, 55 Ohio St.3d at 74, 564 N.E.2d 54.

**{¶12}** Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984):

> The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.

**{¶13}** Deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger* , 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997); *see, also, In re: Christian*, 4th Dist. Athens App. No. 04CA10, 2004-Ohio-3146; *In re: C. W.,* 2nd Dist. Montgomery App. No. 20140, 2004-Ohio-2040.

**{¶14}** Pursuant to 2151.414(B)(1), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply":

(a)The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period, ... and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents.* * *

{¶15}  Revised Code 2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. If the court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent":

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside the child's home. In determining whether the parents have substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to

the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.***

(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.

**{¶16}** A trial court may base its decision a child cannot or should not be placed with a parent within a reasonable time upon the existence of any one of the R.C. 2151.414(E) factors. The existence of one factor alone will support a finding the child cannot be placed with the parent within a reasonable time. *See In re: William S.*, 75 Ohio St.3d 95, 661 N.E.2d 738 (1996).

**{¶17}** Appellant initially was compliant with the case plan. However, the evidence at trial was undisputed Appellant thereafter failed to comply with his case plan. Starting in November, 2016, Appellant admitted to drug relapse and continued use of heroin and methamphetamine. He failed to follow through with any services recommended by Appellee from this time until he was released from prison several weeks before trial. He did not maintain stable housing, and has been unemployed since October of 2016. Although he began to reengage with services pursuant to his case plan following his release from prison on bond on August 10, 2017, he had three felony charges pending at the time of trial. He had been incarcerated several times during the pendency of the case. The findings Appellant had failed to remedy the conditions which led to the removal of the children and his repeated incarceration prevents him from providing care for the children are supported by sufficient evidence and are not against the manifest weight of the

evidence. The court therefore did not err in finding the children could not be placed with Appellant within a reasonable period of time.

**{¶18}** In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether such placement can be achieved without a grant of permanent custody.

**{¶19}** The caseworker assigned to the case testified the children were bonded to Appellant, and he was bonded to them. However, the evidence also demonstrated the children were very happy and bonded to the foster family. The caseworker testified the children refer to the foster family's residence as "home." K.O. had at times expressed a desire to live with Appellant and her mother; however, the other children were too young to express an opinion. The caseworker testified the children need a stable home environment, which Appellant could not provide at the time of trial. The guardian ad litem testified permanent custody was in the best interests of the children, as they were happy and friendly children who are bonded to their foster family and love their foster parents. The finding permanent custody was in the best interests of the children was supported by sufficient evidence, and is not against the manifest weight of the evidence.

**{¶20}** The assignment of error is overruled.

**{¶21}** The judgment of the Fairfield County Common Pleas Court, Juvenile Division is affirmed.


By: Hoffman, J.

Wise, John, P.J.  and

Baldwin, J. concur